TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
CATHARINE A. RICHMOND (Cal. Bar No. 301184)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7162
    Facsimile: (213) 894-0141
    E-mail:    catharine.richmond@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-36-JFW |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT GARY MICHAEL MACFARLANE |
| v. | |
| GARY MICHAEL MACFARLANE, | |
| Defendant. | |

1.   This constitutes the plea agreement between GARY MICHAEL MACFARLANE ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

    a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the Indictment in United States v. GARY MICHAEL MACFARLANE, CR No. 21-36-

JFW, which charges defendant with Attempted Enticement of a Minor to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2422(b).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   At or before the time of sentencing, make a prejudgment payment by delivering a certified check or money order to the Fiscal Clerk of the Court in an amount to be determined to satisfy defendant's anticipated criminal debt.

i.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

j.    Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

k.    Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

l.    Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

m.    Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.    Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

ii.  Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but the defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

iii. As directed by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672 unless defendant is found to be indigent by the Court.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

iv.  Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. §2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. §2256(2). Defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "actual sexually explicit conduct" involving adults as defined by 18 U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from possessing materials solely because they are necessary to, and

used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment when defendant's treatment provider or the probation officer has approved of defendant's possession of the materials in advance.

v.   Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

vi.   Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vii. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

viii.   Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

1          ix.   Defendant shall not own, use or have access to

2    the services of any commercial mail-receiving agency, nor shall

3    defendant open or maintain a post office box, without the prior

4    written approval of the Probation Officer.

5          x.   Defendant's employment shall be approved by the

6    Probation Officer, and any change in employment must be pre-approved

7    by the Probation Officer.  Defendant shall submit the name and

8    address of the proposed employer to the Probation Officer at least

9    ten days prior to any scheduled change.

10          xi.   Defendant shall not reside within direct view of

11   school yards, parks, public swimming pools, playgrounds, youth

12   centers, video arcade facilities, or other places primarily used by

13   persons under the age of 18.  Defendant's residence shall be approved

14   by the Probation Officer, and any change in residence must be pre-

15   approved by the Probation Officer.  Defendant shall submit the

16   address of the proposed residence to the Probation Officer at least

17   ten days prior to any scheduled move.

18          xii.   Defendant shall submit defendant's person, and

19   any property, house, residence, vehicle, papers, computer, other

20   electronic communication or data storage devices or media, and

21   effects to search at any time, with or without warrant, by any law

22   enforcement or Probation Officer with reasonable suspicion concerning

23   a violation of a condition of probation/supervised release or

24   unlawful conduct by defendant, and by any Probation Officer in the

25   lawful discharge of the officer's supervision function.

26          xiii.   Defendant shall possess and use only those

27   computers and computer-related devices, screen user names, passwords,

28   email accounts, and internet service providers ("ISPs") that have

been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to defendant's first use.  Computers and computer-related devices include personal computers, personal data assistants ("PDAs"), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

xiv. All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure.  This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

xv.  Defendant shall comply with the rules and regulations of the Computer Monitoring Program.  Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in Count One, that is, Attempted Enticement of a Minor to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b), the following must be true:

a.   Defendant used a means of interstate commerce, including the Internet;

b.   Defendant knowingly attempted to persuade, induce, entice, or coerce a minor to engage in sexual activity for which any person could be charged with a criminal offense, namely Lewd and Lascivious Acts with a Minor Child Under 14 Years, in violation of California Penal Code Section 288(a); and

c.   Defendant did something that was a substantial step toward committing that offense.

<u>PENALTIES AND RESTITUTION</u>

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 2422(b), is: life imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 2422(b), as charged in Count One of the Indictment, is a 10-year term of imprisonment and a 5-year period of supervised release.

7.    Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that defendant will owe restitution to some victims, but do not yet agree on what that amount is.

8.    Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

9.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that

if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

10. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

1

<u>FACTUAL BASIS</u>

2    12.   Defendant admits that defendant is, in fact, guilty of the

3 offense to which defendant is agreeing to plead guilty.  Defendant

4 and the USAO agree to the statement of facts provided below and agree

5 that this statement of facts is sufficient to support a plea of

6 guilty to the charge described in this agreement and to establish the

7 Sentencing Guidelines factors set forth in paragraph 14 below but is

8 not meant to be a complete recitation of all facts relevant to the

9 underlying criminal conduct or all facts known to either party that

10 relate to that conduct.

11    Starting on or about November 29, 2020, defendant, using the

12 Internet, contacted who he thought was a man who shared a sexual

13 interest in children.  Defendant disclosed to this man his interest

14 in attending a "littles fuck party," i.e., an event where adults

15 engaged in sexual conduct with children.  Between about and including

16 December 3-11, 2020, defendant arranged with the man for defendant to

17 engage in such criminal sexual conduct with the man's girlfriend's

18 eight-year-old daughter.  Defendant specified the sexual conduct he

19 intended to engage in included, but was not limited to: "I can't wait

20 til we rip that dress from her and bare her nude body to a bunch of

21 depraved adults . . . And I definitely can't wait til we fuck her for

22 hours on end in every hole multiple times . . . Filing her so full of

23 cum she would be pregnant for years if you [sic] could have kids

24 already."  This conduct would be chargeable under California Penal

25 Code Section 288(a).

26    In furtherance of engaging in this sexual conduct, defendant

27 bought plane tickets for the girl and her mother; booked a hotel room

28

for the encounter; and arrived at an agreed-upon hotel with lingerie, condoms, and presents for the girl.

In addition, on November 29, 2020, defendant distributed child pornography, via the Internet, to another individual, including a file depicting a prepubescent girl orally copulating an adult penis. On January 18, 2021, defendant possessed a TCL A508DL TracFone cellphone with the IMEI number 015592000245695 that contained at least one file of child pornography, including a video entitled video titled 1_5165658691336143201.mp4.

SENTENCING FACTORS

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum set by statute for the crime of conviction.

14.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:           28        U.S.S.G. § 2G1.3(a)(3)

Use of a Computer            +2        U.S.S.G. § 2G1.3(b)(3)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

15. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17. Defendant understands that by pleading guilty, defendant gives up the following rights:

       a.   The right to persist in a plea of not guilty.

       b.   The right to a speedy and public trial by jury.

       c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

       d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

       e.   The right to confront and cross-examine witnesses against defendant.

       f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF RETURN OF DIGITAL DATA

18.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

### WAIVER OF APPEAL OF CONVICTION

19.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.   Defendant agrees that, provided the Court imposes a term of imprisonment subject to the mandatory minimum sentence and within or

below the range corresponding to an offense level of 27 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and the conditions of surrender of digital data agreed to by defendant in paragraph 18 above; and any conditions of supervised release agreed to by defendant in paragraph 2 above.

21.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of

facts provided herein is insufficient to support defendant's plea of guilty.

22.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum specified above and the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 27 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

1

## EFFECTIVE DATE OF AGREEMENT

2     25.  This agreement is effective upon signature and execution of

3 all required certifications by defendant, defendant's counsel, and an

4 Assistant United States Attorney.

5

## BREACH OF AGREEMENT

6     26.  Defendant agrees that if defendant, at any time after the

7 signature of this agreement and execution of all required

8 certifications by defendant, defendant's counsel, and an Assistant

9 United States Attorney, knowingly violates or fails to perform any of

10 defendant's obligations under this agreement ("a breach"), the USAO

11 may declare this agreement breached.  All of defendant's obligations

12 are material, a single breach of this agreement is sufficient for the

13 USAO to declare a breach, and defendant shall not be deemed to have

14 cured a breach without the express agreement of the USAO in writing.

15 If the USAO declares this agreement breached, and the Court finds

16 such a breach to have occurred, then: (a) if defendant has previously

17 entered a guilty plea pursuant to this agreement, defendant will not

18 be able to withdraw the guilty plea, and (b) the USAO will be

19 relieved of all its obligations under this agreement.

20     27.  Following the Court's finding of a knowing breach of this

21 agreement by defendant, should the USAO choose to pursue any charge

22 that was either dismissed or not filed as a result of this agreement,

23 then:

24         a.  Defendant agrees that any applicable statute of

25 limitations is tolled between the date of defendant's signing of this

26 agreement and the filing commencing any such action.

27         b.  Defendant waives and gives up all defenses based on

28 the statute of limitations, any claim of pre-indictment delay, or any

17

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

28.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be at or above the statutory mandatory minimum.

<u>NO ADDITIONAL AGREEMENTS</u>

31.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_Cathanine Richmond_                         09/01/21
CATHARINE A. RICHMOND                        Date
Assistant United States Attorney

_Gary M. Macfarlane_                         8-27-21
GARY MICHAEL MACFARLANE                      Date
Defendant

_W v. u1_                                    8-27-21
ROBERT HELFEND                               Date
Attorney for Defendant
GARY MICHAEL MACFARLANE


## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or

20

representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          8-27-21
GARY MICHAEL MACFARLANE                   _____
Defendant                                 Date

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am GARY MICHAEL MACFARLANE's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

1  forth in this agreement is sufficient to support my client's entry of

2  a guilty plea pursuant to this agreement.

3

_____           8-27-21
                                              _____

4  ROBERT HELFEND                             Date
   Attorney for Defendant

5  GARY MICHAEL MACFARLANE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28